# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FONSO L. WIRES, | : | No. 3:09cv2247 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| B. A. BLEDSOE, Warden, | : | |
| Respondent | : | |

## MEMORANDUM

Before the court is the petitioner's objection (Doc. 12) to Magistrate Judge J. Andrew Smyser's recommendation (Doc. 11) that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), motion for preliminary injunction (Doc. 2), and motion for summary judgment (Doc. 3) be denied.  Having been fully briefed, the matter is ripe for disposition.

## I. BACKGROUND

Petitioner Fonso Wires ("Wires") is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). (Pet. for Writ of Habeas Corpus (hereinafter "Pet.") (Doc. 1 at 1)). Petitioner Wires is serving the remainder of a 245-month sentence for violating 18 U.S.C. § 922(g) and § 924(a) (felon in possession of a firearm). ("Sentence Monitoring Computation Data", Pet'r Ex. A (Doc. 2 at 3)). Petitioner Wires is projected to be released from Federal Bureau of Prisons's ("BOP") custody on November 22, 2010. (Id.)

On April 21, 2009 Petitioner Wires requested a twelve-month placement on supervised release. (Inmate Request to Staff, Pet'r Ex. D (Doc. 2 at 17)). Wires stated that his eighteen years of imprisonment, the economic recession, and the fact that he is a Muslim constituted "extraordinary justification" for his request. (Id.) Matthew Rodarmel ("Rodarmel"), case manager at USP Lewisburg, responded on April 26, 2009 that Wires's case would be reviewed at the end of May. (Id.) The BOP Mid-Atlantic Regional Office received Wires's regional appeal on April

27, 2009. (Receipt– Administrative Remedy, Pet'r Ex. E (Doc. 2 at 19)).

On May 6, 2009, Wires's unit team reviewed his pre-release needs and recommended a placement date in a residential re-entry center ("RRC") sixty days prior to his release date. (BOP RRC Consideration Memo (Doc. 9-2 at 55)). According to Rodarmel this recommendation was based upon an evaluation of the five factors mandated by 18 U.S.C. § 3621(b). (Rodarmel Decl. at ¶ 10, Resp. Ex. 1 (Doc. 9-2 at 4)). Rodarmel states:

> This determination was partially based on the nature of Wires' instant offense, in addition to Wires' history and characteristics. Specifically, while the length of Wires' instant offense indicates a need for transitional services, Wires' vast criminal history indicates a strong need for public safety. Wires' criminal history reveals numerous convictions for violent crimes, including two convictions for armed robbery, one conviction for attempted murder (he shot a police officer in the head during the commission of his instant federal offense), one conviction for escape, and one conviction for assault during the commission of the escape. As noted by the United States Probation Office in the Presentence Report, Wires "[h]as demonstrated a propensity for recidivism, and a disturbing increase in the amount of violence involved in each crime."

(Id.)

Rodarmel also states that Wires's recommendation accounted for the fact that "Wires has a relatively long sentence; available resources within the release district; and his history and characteristics, noting he has secured a release address with his brother in Quincy, Illinois, he has failed to secure employment, has a high school diploma and a vast criminal history." (Id. at ¶ 12). Finally, Wires's BOP disciplinary record shows incidents of: fighting another inmate, injuring a correctional officer, assaulting another inmate resulting in a serious injury, threatening bodily harm, and assaulting another inmate without resulting in a serious injury. (Chronological Disciplinary Record, Resp. Ex. 1 (Doc. 9-2 at 57, 58)).

2

Wires's recommended RRC placement has not been forwarded to the Community Corrections Manager. (Decl. of Matthew Rodarmel at ¶ 12, Resp. Ex. 1 (Doc. 9-2 at 4)). The BOP Central Office received Petitioner Wires's appeal on August 5, 2009. (Receipt– Administrative Remedy, Ex. F (Doc. 2 at 21)).

On November 16, 2009, Wires filed this petition for a writ of habeas corpus *pro se*, arguing that Warden Bledsoe violated Wires's right to due process under the Fourteenth Amendment by failing to consider Wires for twelve months of placement in an RRC pursuant to 18 U.S.C. § 3624(c) or alternatively as an "extraordinary justification" under Miller v. Whitehead, 527 F.3d 752 (8th Cir. 2008). On November 16, 2009 Wires also filed motions for summary judgment on the claims underlying his petition for habeas corpus and for a preliminary injunction to be given a psychological examination. (Docs. 3, 2). Respondent Warden Bledsoe filed his response on December 11, 2009. (Doc. 9).

Wires filed his traverse on December 21, 2009. (Doc. 10). Wires's specifically denies that he has secured a residence with his brother or that he has any significant resources upon which to rely. (Id.) Wires argues in his traverse that, by recommending him for only sixty days of RRC placement, respondent is covertly retaliating against Wires for previously filing grievances and challenging the conditions of his confinement. (Id.) In his traverse Wires requests that he be released from the special management unit program ("SMUP") within USP Lewisburg and that he be returned to the general prison population. (Id.)

On December 23, 2009 Magistrate Judge Smyser submitted his report and recommendation. (Doc. 11). Judge Smyser recommends denying the petition for a writ of habeas corpus, the motion for summary judgment, and the motion for a preliminary injunction. (Doc. 11). Petitioner

Wires objects to the report and recommendation. (Doc. 12). Respondent Warden Bledsoe has filed a brief in opposition to the petitioner's objection, bringing the case to its present posture. (Doc. 13).

**II. JURISDICTION**

Because this case is brought under 28 U.S.C. §§ 2241 ("Section 2241"), the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c)(3)). Although the Third Circuit Court of Appeals has yet to clearly define the meaning of "execution" in this context, it has cited approvingly holdings from other circuits finding that a Section 2241 motion properly challenges "'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)). The Third Circuit has also found Section 2241 to be the appropriate means

4

to challenge a decision to exclude an inmate from release to an RRC. See Woodall, 432 F.3d at 243-44.

## III. STANDARD OF REVIEW

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A habeas petition and any supporting submissions filed *pro se* must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 878 F.2d 714, 721-22 (3d Cir. 1989). However, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

## IV. DISCUSSION[1]

---

[1] Although section 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996). Wires has indicated that he has appealed his

Magistrate Judge Smyser recommends finding that Wires's unit team at USP Lewisburg gave Wires the appropriate individualized consideration in reaching its recommendation that he be placed in an RRC for sixty days.[2]  Judge Smyser also recommends that the court ignore Wires's request for a transfer to the general prison population because it was first raised in the traverse.  Petitioner Wires objects to these recommendations and the court will examine each objection in turn.[3]

**A. Consideration for RRC Placement**

Petitioner Wires objects to Judge Smyser's proposed finding that Wires received an individualized consideration based on the five factors of 3624(b).  Wires contends that the SMUP at USP Lewisburg, which is designed to deal with disruptive prisoners, has a policy not to consider prisoners for RRC placements as required by section 3624(c).  Wires also

---

grievances through the BOP Central Office and the respondent does not argue that Wires has failed to exhaust his administrative remedies, therefore we will address the merits of his objection.  (See Pet'r Exs. D, E, F (Doc. 2)).

[2] Judge Smyser recommends finding that petitioner has not properly presented the argument that BOP memoranda– requiring regional director approval for placement recommendations longer than six months– improperly influenced Wires's unit team's discretion.  See e.g. Krueger v. Martinez, --- F. Supp. 2d ----, No. 1:09-1116, 2009 WL 2876861, (M.D. Pa. Sept. 3, 2009).  In his objection petitioner agrees that he was not raising an argument like that raised in Krueger.  Thus, the court will not consider that argument here.

[3] Judge Smyser recommends that the court deny Petitioner Wires's motions for a preliminary injunction and for summary judgment.  Wires has not objected to either of these recommendations, therefore the court will adopt them without further analysis.  See 28 U.S.C. § 636 (b)(1)(C); Henderson, 812 F.2d at 877.

6

contends that his unit team must not have given him individualized consideration because his recommendation did not refer to (1) his recidivism, (2) the fact that he is a career criminal, (3) the current economic recession, or (4) the challenges he faces reintegrating with society as a Muslim.  As an alternative argument, Wires contends that these same characteristics also constitute an "extraordinary justification" for a twelve-month RRC placement under his interpretation of Miller v. Whitehead, 527 F.3d 752 (8th Cir. 2008).  Respondent replies that Wires was in fact given individualized consideration based on the prescribed criteria and that extraordinary justifications only need to be considered where an inmate is recommended for an RRC placement longer than six months.

    The Bureau of Prisons has authority to determine inmate placements according to 18 U.S.C. §§ 3621(b) and 3624(c).  Section 3621(b) gives the BOP authority to determine the location of an inmate's imprisonment.  Section 3624(c) "describes the BOP's obligation to prepare prisoners for community re-entry by, inter alia, placing them in community confinement."  Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 (3d Cir. 2005).

    The Second Chance Act (Pub.L. 110-199, Title II, § 251(a), Apr. 9, 2008, 122 Stat. 692) re-wrote the pre-release custody placement statute, 18 U.S.C. § 3624(c)(1), by increasing the maximum period of RRC placement from six to twelve months.  Moreover, it requires the BOP to issue regulations ensuring that RRC placement decisions are made: (A) consistent with the five factors in 18 U.S.C. § 3621(b)[4]; (B) on an

---

[4]18 U.S.C. § 3621(b) provides:

The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum

7

individualized basis; and (C) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6). The Second Chance Act also created 42 U.S.C. § 17541 which requires that the BOP establish a "prisoner reentry strategy"– including incentives for "participation in skills development programs." 42 U.S.C. §§ 17541 (a)(1), (a)(1)(G). One suggested incentive for prisoners who complete skills development programs is "the maximum allowable period in a community confinement facility[.]" Id. at (a)(2)(A). Subsection (a)(1)(D) directs the BOP to give priority to the reentry needs of "high-risk populations, such as . . . career criminals[.]"

The record in this case clearly establishes that petitioner's unit team gave petitioner individualized consideration consistent with the five factors of section 3621(b). The nature of Wires's offense– attempted murder of a

---

> standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
> > (1) the resources of the facility contemplated;
> > (2) the nature and circumstances of the offense;
> > (3) the history and characteristics of the prisoner;
> > (4) any statement by the court that imposed the sentence--
> > > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > > (B) recommending a type of penal or correctional facility as appropriate; and
> > (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

8

police officer– was certainly considered. See § 3621(b)(2). Case Manager Rodarmel conceded that the length of Wire's incarceration for his current offense militated in favor of giving some period of RRC placement, but that the violent nature of Wires's offense raised public safety concerns.

Wires's own personal history and characteristics were also evaluated by Rodarmel and the unit team. See § 3621(b)(3). Rodarmel noted that Wires has a criminal history that includes armed robbery, attempted murder, escape, and assault during escape. Wires's presentence report noted his recidivism and an escalating trend of violence with each offense. Wires's disciplinary record in prison demonstrated violent incidents. The unit team accounted for the fact that Wires has a high school diploma and no employment.

Though Wires objects that any individualized consideration would have weighed the specific fact that he is a career criminal, as defined by section 17541(a)(1)(D), such an inquiry would be coextensive with an examination of his offenses. Since the unit team considered Wires's criminal offenses they implicitly considered the fact that Wires is a career criminal. More important to this court's inquiry is that section 3621(b) does not require consideration of whether or not a prisoner is a career criminal.[5]

Wires also objects that his recommended placement did not consider

---

[5] Rodarmel states that Wires's recommendation was based on a review of all five factors of section 3621(b). Nothing on record indicates how the unit team considered the remaining three factors– the resources of the contemplated facility, any statement by the sentencing court, or any relevant Sentencing Commission policy statements– were all given individualized consideration. (Rodarmel Decl. at ¶ 10, Resp. Ex. 1 (Doc. 9-2 at 4)). However, Wires does not contend that any of these three remaining factors of section 3621(b) were pertinent to his recommendation therefore we will not examine them further.

his recidivism, his Muslim religion, and the impact of the current recession on his ability to find employment. Plainly, however, his recidivism was considered in the course of examining his personal history and characteristics, as described above. According to Rodarmel, Wires's recommended placement also accounted for the fact that Wires has been unable to secure employment. The cause of Wires's inability to secure employment is not due any special consideration. Finally, nothing in section 3621(b) requires the BOP to consider Wires's religion in recommending an RRC placement. Therefore, we will overrule petitioner's objections regarding the individualized consideration respondent gave to petitioner's RRC placement.

### B. Transfer Request

Wires objects to Judge Smyser's recommendation that this court ignore Wire's transfer request which was first raised in his traverse. Wires argues that this request was part of his overall petition for a writ of habeas corpus and that he could not have raised the argument at the time of the original petition. Given Wires's *pro se* status, the court will examine the merits of his argument.

For the purpose of successfully preparing prisoners for reintegration with society-at-large, the BOP must assess each prisoner's skills, create a skill development plan to address each prisoner's deficiencies, and provide incentives for prisoners who participate in skill development programs. See §§ 17541(a)(1)(A)-(G). The BOP has the discretion to give a full twelve-month RRC placement as an incentive. Id. at (a)(2)(A). Section 17541(a)(1)(D) requires that the BOP give priority to the reentry needs of high-risk prison populations, such as career criminals, in establishing its overall reentry strategy.

Wires states that the SMUP at USP Lewisburg, where he is currently

held, is designed to deal with disruptive prisoners. He contends that his placement in the SMUP precludes him from accessing skill development programs which might make him eligible for incentives which Congress suggested could include a longer RRC placement. See § 17541(a)(2). He requests a transfer to the general prison population. Wires fails to allege, however, that he does not belong in the SMUP. To the extent Wires understands section 17541(a)(1)(D) to require that the BOP provide him with skill development programs because he is a career criminal, he is incorrect. That section only requires the BOP to give priority to career criminals, among other high risk groups, in designing its reentry strategy– it does not tell the BOP how to implement its strategy or guarantee any prisoner access to programs. Because it is clearly within the discretion of the BOP to discipline disruptive prisoners Wires's request for a transfer will be denied. See Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators.").

## IV. CONCLUSION

The report and recommendation of Magistrate Judge Smyser will be adopted. Wires's petition for a writ of habeas corpus will be denied because his unit team adhered to 42 U.S.C. § 3624(c) in recommending sixty days of RRC placement.[6] Finally, Wires's request for a transfer to the

---

[6] The magistrate also recommends denying petitioner's motion for summary judgment and motion for a preliminary injunction. Petitioner did not file objections to these recommendations. Therefore, in order to decide whether to adopt the report and recommendation with regard to these issues, we must determine whether a review of the record evidences plain error or manifest injustice. See e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED R. CIV. P. 72(b) Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that

general prison population will be denied. An appropriate order follows.

---

there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1). After a careful review, we find neither a clear error on the face of the record nor a manifest injustice regarding the proposed disposition of the motion for summary judgment or the motion for a preliminary injunction, and therefore, we shall adopt the report and recommendation with regard to these issues. Similarly, the court will not examine petitioner's retaliation argument– raised in his traverse– because Wires did not base any of his objections on this argument.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FONSO L. WIRES, | : | No. 3:09cv2247 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| B. A. BLEDSOE, Warden, | : | |
| Respondent | : | |

## ORDER

**AND NOW**, to wit, this 3rd day of February 2010, the report and recommendation of the magistrate judge (Doc. 11) is **ADOPTED** and the petitioner's objections (Doc. 12) are **OVERRULED**. The instant petition for a writ of habeas corpus (Doc. 1) is hereby **DENIED**. Petitioner's motions for a preliminary injunction (Doc. 2) and for summary judgment (Doc. 3) are hereby **DENIED**. The Clerk of Court is directed to **CLOSE** the case.

**BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**